J-S10034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZACHARY CLAYTON CAPRIOTTI | : | |
| | : | |
| Appellant | : | No. 1287 MDA 2020 |

Appeal from the Judgment of Sentence Entered September 1, 2020
In the Court of Common Pleas of Sullivan County Criminal Division at
No(s):  CP-57-CR-0000021-2019

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

CONCURRING AND DISSENTING MEMORANDUM BY McLAUGHLIN, J.:

**FILED AUGUST 27, 2021**

Although I agree with the majority's decision in other respects, I respectfully disagree that the trial court properly refused to suppress the items seized from the apartment Capriotti was using as his residence. I do not believe that the record supports the factual finding that Capriotti had vacated the apartment prior to the troopers' seizure of the contraband at issue. I therefore respectfully do not agree with the majority's conclusion that the troopers' entry into Capriotti's residence, without a warrant, and their seizure of the evidence found there was permissible under the "silver platter" doctrine.

Under standard search and seizure law, police may not enter a home to effectuate a seizure, in the absence of a warrant, consent, or exigent

_____

[*] Retired Senior Judge assigned to the Superior Court.

circumstances. **Commonwealth v. Johnson**, 68 A.3d 930, 935 (Pa.Super. 2013). **See also Wray v. Painter**, 791 F. Supp. 2d 419, 429 (E.D. Pa. 2011) ("[T]he Supreme Court requires a warrant to enter an individual's home for the purpose of search or seizure in the absence of exigent circumstances or consent." (citing **Payton v. New York**, 445 U.S. 573, 573 (1980)).

As the majority acknowledges, the "silver platter" doctrine allows the admission of evidence that a private party obtained after conducting a search and served to authorities on a "silver platter." The doctrine only applies, however, if the authorities did not instigate the private party's actions and did not participate "in the illegal activities." Majority Memorandum at 14 (quoting **Commonwealth v. Borecky**, 419 A.2d 753 (Pa. 1980).

Capriotti maintains that the trial court's finding that he had "vacated" the apartment is not supported by the record. Capriotti's Br. at 31. My review of the record confirms his assertion. There was no testimony that Capriotti had "vacated" the apartment. Rather, the only evidence was that he was still occupying it on the day in question. The Commonwealth's witness, Arlene, gave testimony to that effect.

> Q. So when you to come [*sic*] over to go through the restaurant, Zachary comes from upstairs does he not, from his apartment? Zachary had been staying in his apartment upstairs, correct?
>
> A. Yes.
>
> Q. He was occupying that, and I think his cousin or nephew was there.
>
> A. Yes.
>
> * * *

Q. And you knew he was occupying the upstairs apartment at that point.

A. Yes.

N.T., 6/6/19, at 44-45. **See also id.** at 30 ("I said we would come in and run the business and he could still stay upstairs. . . ."). Trooper Benjamin's testimony was consistent with Arlene's. **See id.** at 78. However, no one testified that Capriotti had completely "vacated" the apartment.

We are only bound by the suppression court's factual findings if they are supported by the record. **See** Majority at 11 n.5. Where the Court of Common Pleas has denied a motion to suppress, on appeal we consider only the Commonwealth's evidence the defense evidence that remains uncontradicted. **See Commonwealth v. Wright**, No. 815 MDA 2020, 2021 WL 2345903, at *3 (Pa.Super. filed June 9, 2021). Contrary to the parties' suggestions, we cannot consider trial evidence. Our review is limited to the record of the suppression hearing. **Id.**

Because the record does not support the finding that Capriotti had "vacated" the apartment before the seizure, I cannot conclude that the Commonwealth carried its burden to prove that when the trooper entered the apartment, looked in the closet where Enrico said he had found the contraband, and seized it, he did so permissibly. **See Commonwealth v. Newton**, 943 A.2d 278, 284 (Pa.Super. 2007) (finding Fourth Amendment violation where police lawfully standing outside motel room could see drug paraphernalia in room through open door, and entered to seize it, without a

warrant, valid consent, or exigent circumstances). I therefore would reverse the order denying the motion to suppress as to the evidence seized from the apartment, vacate the judgment of sentence, and remand for a new trial.